IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD E. CARMONY,

    Plaintiff,                    No. CIV S-05-1679 LKK GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.           ORDER

_____/

On October 14, 2008, this court ordered plaintiff to file further briefing in support of his request for incarcerated/detained witnesses. In this order, the court observed that plaintiff did not state when his witnesses were incarcerated in the jail. Nor did plaintiff discuss whether his witnesses had knowledge of any of the conditions at issue in the instant action. The court stated in this order that plaintiff would not be allowed to call witnesses who had no knowledge of the conditions at issue in this case or who were incarcerated in the jail at times not relevant to this action. The court granted plaintiff ten days to file further briefing describing in detail the proposed testimony of each of his witnesses.

On October 27, 2008, plaintiff filed a revised supplemental pretrial statement. In this document, plaintiff identifies four incarcerated/detained witnesses: Miller, Seeboth, Huftile and Cerniglia. Plaintiff states that each of these proposed witnesses has agreed to testify

1

voluntarily. Plaintiff states that their testimony would describe the conditions they endured while housed at the Sacramento County Jail.

Plaintiff does not identify when any of his proposed witnesses were housed at the Sacramento County Jail. Nor does plaintiff describe their proposed testimony in any detail. However, plaintiff intends to offer as exhibits 4 declarations from proposed witnesses Miller and Seeboth. Plaintiff identifies these declarations as being attached as exhibits to his opposition/cross-motion for summary judgment.

The court was able to locate three of the declarations identified by plaintiff, including declarations by Miller and Seeboth describing conditions at the jail in 1998 (Miller) and 1999-2000 (Seeboth). This action concerns conditions in the jail from December 29, 2005, to February 8, 2006. Evidence regarding conditions at the jail in 1998-2000 is not sufficiently probative of conditions in the jail during plaintiff's incarceration there in December 2005-February 2006. For this reason, plaintiff's request to call detainees Miller and Seeboth to testify regarding conditions in the jail during 1998-2000 is denied.

The court could not locate the declaration from detainee Seeboth addressing his incarceration in the jail in 2005, identified by plaintiff as exhibit A-16. This declaration is not attached to his exhibit package submitted in support of his opposition/cross-motion for summary judgment. Because the court cannot locate this the declaration, the court cannot determine whether detainee Seeboth's testimony is probative of plaintiff's claims. Accordingly, the request to call detainee Seeboth to testify regarding the conditions at the jail in 2005 is denied.

Detainee Miller states in his second declaration that he was incarcerated at the jail from April 14, 2004, to June 15, 2004. The only condition discussed by detainee Miller relevant to the instant action is his access to the dayroom. Detainee Miller states that he only received 1-3 hours of dayroom access once or twice a day. Plaintiff alleges that he received 3-5 hours of dayroom access per week, which was often in the middle of the night.

In the findings and recommendations recommending that defendants' motion for

1 summary judgment be denied as to plaintiff's claim regarding dayroom access, the court stated
2 that if plaintiff regularly received dayroom access in the middle of the night, at which time he
3 was expected to shower, shave, etc., the court would find that he was being subject to punitive
4 conditions confinement.

5   Detainee Miller does not state that he received dayroom access in the middle of
6 the night. For this reason, the court finds that his proposed testimony regarding his dayroom
7 access is not sufficiently probative of plaintiff's claim regarding dayroom access. Accordingly,
8 plaintiff's request to call detainee Miller to testify regarding conditions at the jail in 2004 is
9 denied.

10   Because plaintiff failed to identify any declarations by detainees Cerniglia and
11 Huftile, the court cannot evaluate their proposed testimony. Accordingly, plaintiff's request to
12 call detainees Cerniglia and Huftile is denied because it is not well supported.

13   Because plaintiff's request to call detainee witnesses is denied, plaintiff's October
14 6, 2008, motion in limine, requesting that information regarding the status of his
15 incarcerated/detained witnesses as sexually violent predators be excluded at trial, is denied.

16   Accordingly, IT IS HEREBY ORDERED that:
17   1. Plaintiff's request to call incarcerated/detained witnesses is denied;
18   2. Plaintiff's October 6, 2008, motion in limine (# 121) is denied.
19 DATED: October 30, 2008

   /s/ Gregory. G. Hollows
   UNITED STATES MAGISTRATE JUDGE

carm.wit

3